UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 1191 Wood Run, LLC | ) | Case No. 10-02959 |
| | ) | |
| | ) | Honorable Carol A. Doyle |
| Debtor.[1] | ) | |
| | ) | |

**FINAL ORDER AUTHORIZING (I) SECURED POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364(C) AND (D) AND (II) ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 364**

This matter coming before the Court on the motion of the Debtor for an order seeking (i) authorization to obtain secured postpetition financing pursuant to 11 U.S.C. § 364(c) and (d) and (ii) adequate protection pursuant to 11 U.S.C. § 364 to the extent applicable, (the "Motion");[2] and the Court being satisfied, based on the representations made in the Motion, the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at the interim hearing held before this Court on March 2, 2010 (the "Interim Hearing") where the Court having entered an interim order at that time authorizing the Postpetition Financing (the "Interim Order"); and at the final hearing held before the Court on March 18, 2010 (the "Final Hearing");

IT IS HEREBY FOUND THAT:

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1] The Debtor in this case is 1191 Wood Run LLC and the Debtor's federal tax identification number is 47-0959201. The location of the Debtor's corporate headquarters is 190 South LaSalle Street, Suite 1640, Chicago, Illinois 60603.
[2] All capitalized words contained herein shall have the same meaning ascribed to them in the Motion.

B.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c). Notice of the Motion, the Interim Hearing and the Final Hearing was sufficient under the circumstances;

C.  The Court having determined that the legal and factual bases set forth in the Motion and at the Interim Hearing and Final Hearing establish just cause for the relief granted herein;

D.  The relief sought in the Motion is necessary on a final basis to provide the Debtor with immediate and ongoing access to borrowing availability and other financial accommodations to pay its current ongoing operating expenses, including but not limited to postpetition utility deposits, insurance premiums, and other vendor costs. Unless these expenses are paid, the Debtor will be forced to cease operations, which would likely (i) result in irreparable harm to its businesses, (ii) deplete going concern value, and (ii) jeopardize its ability to proceed with the Sale Process and this chapter 11 case;

E.  The Debtor's ability to finance its operations, to pursue the Sale Process, to preserve and maintain the value of its assets, and to maximize a return for all creditors requires the availability of financing and credit under section 364 of the Bankruptcy Code, the absence of which would cause immediate and irreparable harm to the Debtor, its estate, its creditors and its equity holders;

F.  Due to its present financial condition and despite good faith efforts, the Debtor is unable to obtain post-petition financing in the form of unsecured credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code, unsecured credit allowable under sections 364(a) and (b) of the Bankruptcy Code, or secured credit pursuant to sections 364(c) or (d) of the Bankruptcy Code, on terms and conditions more favorable than those presently offered by the DIP Lender;

G. Debtor is unable to obtain adequate financing without (i) granting the claims of the DIP Lender's Postpetition Loans (defined below) priority under section 364(c)(1) of the Bankruptcy Code over all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and (ii) securing the Postpetition Loans with liens on all of the Debtor's assets in accordance with sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code.

H. DIP Lender is willing to provide the Debtor with postpetition financing pursuant to the terms of this Order and the attached Budget, with such funding to be used by Debtor for, among other things, funding the Debtor's day-to-day operations and engaging in the Sale Process. Subject to entry of this Order, DIP Lender has agreed to provide the Debtor with a $50,000 postpetition discretionary revolving line of credit (the "DIP Facility") pursuant to the terms of this Order (the "Postpetition Loans").

I. The Debtor and the DIP Lender have exchanged fair consideration for the rights each obtained in the Order and each acted in good faith in its negotiations over the terms of this Order.

J. The Debtor and the DIP Lender have agreed to the terms of this Order in an effort to afford Debtor an opportunity to continue its operations and pursue the Sale Process in order to maximize the value of its assets.

K. All liens and security interest on or in the DIP Collateral granted by this Order are hereby deemed duly perfected and recorded under all applicable federal or state or other laws as of the date hereof, and no notice, filing, mortgage recordation, possession, further order, landlord or warehousemen lien waivers or other act shall be required to effect such perfection.

L. The Debtor believes and the Court finds that terms and conditions of this Order are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent

with its fiduciary duties, are supported by reasonably equivalent value and fair consideration, were negotiated by the parties at arm's length and entered into by the parties in good faith, and are the best available to the Debtor under the present market conditions and financial circumstances of the Debtor. The DIP Lender's extensions of credit to the Debtor under this Order are and will be made in good faith. Any credit extended to the Debtor pursuant to this Order, whether interim or final, will be deemed to have been extended and made in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

M.   It is in the best interests of the Debtor, its estate, its creditors and its equity holders that the Debtor be immediately authorized to incur secured indebtedness under this Order and to execute, deliver, perform and consummate this Order and all documents and instruments referred to herein or contemplated hereby.

N.   The notice provided by Debtor of the Motion, the Interim Hearing and the Final Hearing, and the entry of this Order satisfy the requirements of Bankruptcy Rules 2002, 4001(b) and (c) and 9014 and sections 102(1), 363, 364(c) and (d) of the Bankruptcy Code and were otherwise sufficient and appropriate under the circumstances

O.   No party objected to the relief requested in the Motion as modified by the Interim Order.

BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1.   The Motion is granted on the terms provided in this Order.

2.   Subject to the terms and limitations of paragraph 3 hereof, the Debtor is authorized to:

>   (a)   obtain Postpetition Financing from the DIP Lender, under sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code;

(b) grant the DIP Lender, pursuant to section 364(c) of the Bankruptcy Code, security interests in all of the Debtor's currently owned and after acquired property to secure the Debtor's obligations under the Postpetition Financing, only to the extent such property is property of the Estate;

(c) grant to the DIP Lender, pursuant to section 364(c)(2) of the Bankruptcy Code, a first priority, perfected security interest in, and lien (a "Lien") upon all of the Debtor's right, title and interest in, to and under all DIP Collateral that is not otherwise encumbered by a validly perfected security interest or lien of someone other than the DIP Lender on the Petition Date, and pursuant to section 364(c)(3) a junior lien with respect to any such DIP Collateral, and in both cases only to the extent such DIP Collateral is property of the Estate;

(d) grant the DIP Lender pursuant to section 364(c)(1) of the Bankruptcy Code priority in payment with respect to such Postpetition Financing over any and all administrative expenses of the kinds specified in sections 503(b) and 507(b); and

(e) use the proceeds of the Postpetition Financing for the purposes set forth in the Motion;

3.  Notwithstanding the terms contained herein, the DIP Lender will not prime the holders of any existing, validly perfected liens or statutory liens of governmental authorities. DIP Lender is permitted, but not obligated to lend to Debtor on the terms and conditions of this Order as follows:

(a) Borrower.    1191 Wood Run, LLC

(b) DIP Lender: Resources Planning Group LLC

(c) Amount of Postpetition Loans: Up to $50,000. Postpetition Loans will be made only in accordance with the terms of the attached Budget. Upon entry of this Order, the Debtor will be authorized to borrow, pursuant to the terms of this Order, up to $50,000. Amounts requested in excess of $50,000 in connection with a final order will be advanced in DIP Lender's sole and absolute discretion.

(d) Interest Rate: The Postpetition Loans will bear interest at a rate of Prime plus 1% per annum (but in any event not less than 8% per annum and no greater than 10% per annum) on unpaid principal balance from time to time outstanding. From and after an Event of Default (defined below), the Postpetition Loans will accrue interest at three percent (3.0%) per annum above the otherwise applicable interest rate. Interest on the Postpetition

     Loans will be due and payable on the first business day of each month in arrears and all interest will be calculated based on a 360 day year.

(e)  Term: Absent a written extension from DIP Lender (which extension will be at DIP Lender's sole discretion) the Postpetition Loans are due on the earliest of: (a) written notice of the occurrence of an Event of Default by the Debtor; (b) the closing of a sale pursuant to an order of the Court authorizing the sale of all or substantially all of Debtor's assets; or (c) the effective date of any confirmed plan of reorganization.

(f)  Event of Default: This Final Order contains customary Events of Default including, without limitation, the following:

  (i)  Any Debtor material breach of any of the terms and conditions or covenants of this Order or fails to pay any obligation, including, but not limited to, principal and interest on the Postpetition Loans, when due.

  (ii)  If any Debtor's Case is converted to a case under Chapter 7 of the Bankruptcy Code.

  (iii)  If a Chapter 11 trustee is appointed in respect of any Debtor.

  (iv)  If any modification is made to this Order which materially affects DIP Lender's rights or remedies without the consent of DIP Lender.

  (v)  Excluding the existing liens, if any third party is granted a lien or security interest in any of the DIP Collateral without DIP Lender's prior, written consent, except to the extent such lien or security interest is junior to the DIP Lender's liens and security interests.

(g)  Security and Priority: To secure Debtor's obligations on account of the Postpetition Loans (collectively, the "Postpetition Indebtedness"), DIP Lender will be granted a perfected lien on and security interest in all property of each Debtor's estate as that term is defined in section 541(a) of the Bankruptcy Code, subject to any existing valid, perfected liens or statutory liens of governmental authorities.

(h)  The DIP Lender is to be granted as security for the repayment of all of Debtor's tangible and intangible assets pursuant to sections 363, 364(c)(2), 364(c)(3), and 363(d)(1) of the Bankruptcy Code, a valid and perfected first lien, subject only to prior claims on all present and after-acquired personal and real property of the Debtor of any nature whatsoever, including, without limitation, all cash contained in any account maintained by the Debtor, all accounts receivable, equipment, intangibles, and payment intangibles, all causes of action existing as of the Petition Date and the proceeds thereof, and proceeds from the sale, transfer, or pledge thereof, and all real property, the title to which is held by any Debtor, or

        possession of which is held by any Debtor pursuant to leasehold interests (collectively with all proceeds and products of any or all of the foregoing, the "DIP Collateral").

(i)    Carve Out: The superpriority administrative claims and liens and security interests granted to DIP Lender shall be subject to the Carveout. The "Carveout" means amounts allocated in the Budget for Debtor's Court-appointed professionals and those court-appointed professionals retained, if any, by any official committee of unsecured creditors appointed in the chapter 11 case in an aggregate amount not to exceed $50,000.

(j)    DIP Lender's Superpriority Claim: Except for the Carveout and the statutory fees of the United States Trustee, the Postpetition Indebtedness will (a) have priority pursuant to section 364(c)(1) of the Bankruptcy Code, (b) also be deemed to be an allowed administrative expense claim having priority over any and all costs and expenses of administration or other priority claims in this chapter 11 case.

4.    Any finding of fact set forth in this Order that is a conclusion of law will be deemed to be a conclusion of law incorporated by reference in these conclusions of law as though fully set forth herein.

Dated: 3-23 2010

_____
UNITED STATES BANKRUPTCY JUDGE

## PROPOSED DIP BUDGET

| Payee | Account Number | Service | Approx. 3 Month Utility Deposit | Approx. Monthly |
|---|---|---|---|---|
| Holy Cross Energy<br>P.O. Box 2150<br>Glenwood Springs, CO 81602-2150 | 173504702 | Electricity | $1141.00 | $380.00 |
| SourceGas, LLC<br>P.O. Box 660474<br>Dallas, TX 75266-0474<br><br>P.O. Box 13288<br>Fayetteville, AR 72703-1002<br><br>0096 County Road 160<br>Glenwood Springs, CO 81601 | 221010261872 | Gas | $600.00 | $200.00 |
| Snowmass Water & Sanitation District<br>P.O. Box 5700<br>Snowmass Village, CO 81615 | 1176 | Water and Sewage | $75.00 | $25.00 |
| AFCO<br>4501 College Blvd.<br>Ste 320<br>Leawood, KS 66211-2328 | 31-10-109373-2 | Insurance Premiums | N/A | $998.46 |
| Mighty Mouse Mgmt.<br>P.O. Box 6464<br>Snowmass Village, CO 81615 | | Management Company | N/A | $1,200.00 |
| U.S. Trustee Payment Center<br>P.O.Box 70937<br>Charlotte, NC 28272-0937 | | U.S. Trustee Fees | N/A | Quarterly Fees from $325 to $10,400 |
| Wildman Harrold<br>225 W. Wacker Drive<br>Suite 3000<br>Chicago, IL 60606 | | Bankruptcy Counsel | N/A | $10,000 (estimated monthly average) |